**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 8:11-CR-629-T-17MAP

HENRY A. MORANT
_____/

**ORDER CLARIFYING DEFENDANT'S
MOTION TO CORRECT SENTENCING ERROR**

This matter comes before the Court pursuant to Defendant HENRY A. MORANT's Amended Motion to Correct Sentencing Error, Scrivener's Error, or in the Alternative for Re-Sentencing, (Doc. # 137), filed July 7, 2014, and the UNITED STATES OF AMERICA's Response, (Doc. # 138), filed July 25, 2014.  For the reasons set forth below, the Defendant's motion is **GRANTED and CLARIFIED** as set forth below.

**BACKGROUND AND PROCEDURAL HISTORY**

On March 26, 2014, Defendant, represented by attorney Robert Tager, was sentenced to 120 months after he pled guilty to two criminal felonies: 1) Conspiracy to Possess with Intent to Distribute Five Kilograms or More of Cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846; and 2) Conspiracy to Possess with Intent to Distribute Marijuana, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. (Doc. # 115).  At the sentencing hearing, the Defendant was presented with the opportunity to avail himself to a two-level offense reduction in anticipation of the Smarter Sentencing Act of 2014 (the "Act").  (Doc. # 137, ¶4).  After discussing the matter with Defendant and counsel for both the Defendant and the Government, Defendant stated he wished to receive the two-level reduction now

1

rather than when the Act is expected to become law, to which the Government had no objection. Id. at ¶5.

Defendant now moves this Court for an order clarifying that Defendant only waived his ability to challenge the anticipated two-level reduction, but did not waive his ability to challenge other potential benefits of the Act, including modification of minimum mandatory sentences. Id. at ¶6–14.  The Government concedes Defendant:

> "only waived his right to any future litigation on the proposed two-level reduction of the United States Sentencing Guidelines drug calculations.  He did not waive any future reduction that may be included in the Smarter Sentencing Act if it is passed by Congress."

(Doc. # 138).  Because the Government has no objection to the Defendant's Motion, and the Court seeing no basis to the contrary, Defendant's Motion is **GRANTED**.

Accordingly, it is **CLARIFIED** that Defendant only waived his right to contest the anticipated two-level offense reduction of the United States Sentencing Guidelines drug calculations.  Defendant did not waive his right to contest minimum mandatory guidelines or other contestable issues not related to the anticipated two-level offense reduction.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of August, 2014.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:    All Counsel and Parties of Record